APPEAL OF B. ROSENBERG & SONS, INC.

Docket No. 4259. Decided July 31, 1926.

Upo.ı the evidence, *held*, that the taxpayer is not entitled to depreciate its inventory at December 31, 1919, for the purpose of determining its tax liability for 1919.

*Charles Rosen, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the Commissioner.

Before LITTLETON, SMITH and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1919, the tax in controversy being less than $10,000. All allegations of error made by the taxpayer in its petition were withdrawn at the hearing, except that which relates to an overvaluation of its inventory at December 31, 1919.

FINDINGS OF FACT.

The taxpayer is a Louisiana corporation with its principal office and place of business in New Orleans. It was organized on July 1, 1918, as the successor of the partnership of B. Rosenberg & Sons. It is engaged in the wholesale boot and shoe business and also manufactures a certain line of men's shoes. In order successfully to operate the business it is necessary to carry large stocks at all times. The business is seasonable; that is, it is divided into spring and summer, and fall and winter trade. All purchases of shoes by the wholesalers are made months in advance of the time when the boots and shoes are actually sold. At December 31, 1919, the taxpayer had large quantities of fall and winter goods on hand and in taking its inventory at December 31, 1919, it valued such stocks at cost or market, whichever was lower. Goods which were believed to be of a market value less than cost were priced at what the taxpayer believed was the

market price thereof. The prices at December 31, 1919, were extremely high. During the middle of the year 1920, prices declined very rapidly, with the result that when the fall and winter goods were in demand items carried over from the previous year were sold for considerably less than the value at which same had been inventoried at December 31, 1919. Owing to changes in styles large quantities in certain lots of shoes included in the inventory taken at December 31, 1919, remained unsold at December 31, 1922, notwithstanding the fact that same were offered for sale at prices ranging from 50 per cent to 75 per cent off cost. The taxpayer sustained a loss of at least $13,900.20 in the sale of certain goods carried in its inventory at December 31, 1919.

OPINION.

SMITH: The taxpayer took its inventory at December 31, 1919, on the basis of cost or market, whichever was lower. The evidence would indicate that the taxpayer was overstocked with certain lots of women's boots and shoes and suffered a very large loss upon the sale of certain lots of these goods during 1920 and subsequent years. It is the contention of the taxpayer that it did not actually know the market value of the goods at December 31, 1919, and that it inventoried them on that date above the market. When the taxpayer tried in the summer and fall of 1920 to sell such inventoried boots and shoes it found very little market for them.

The Commissioner has determined a deficiency in tax for the year 1919, without in any way changing the inventory reported by the taxpayer at December 31, 1919. The only evidence which the taxpayer has offered that its inventory was overvalued on that date is the fact that when it tried to sell the goods on hand it found that many of them were obsolete, and it believes that they were obsolete on December 31, 1919.

We are not satisfied from the evidence of record that the market price of the boots and shoes listed in its inventory at December 31, 1919, was overstated.

*Judgment for the Commissioner.*